# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BJORN ERIK HAAPANIEMI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT and the U.S. ATTORNEY,<br><br>　　　　　　Defendants. | Case No. 3:23-cv-00278-JMK |

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On December 8, 2023, self-represented prisoner, Bjorn Erik Haapaniemi ("Plaintiff"), filed a "Complaint to Remand Criminal Alien Removal to Immigration Court" against U.S. Immigration and Customs Enforcement and the Office of the U.S. Attorney for the District of Alaska.[1] Plaintiff also filed a civil cover sheet and a motion to proceed without prepaying the filing fee.[2] Plaintiff claims he did not include the required copy of his trust fund account statement (or institutional equivalent) for the six months immediately preceding the filing of the complaint[3] because the prison refused to provide the statement.[4] However, he also states he

---

[1] Docket 1.

[2] Dockets 2–3.

[3] 28 U.S.C. § 1915(a)(1).

[4] Docket 3.

is "not indigent" and has had $2,876.40 deposited in his account in the last six months—yet he claims he is unable to pay the filing fee in full at this time.[5]

The right to proceed without prepayment of fees in a civil case is a privilege and not a right.[6] Ordinarily, the Court would provide Plaintiff with 30 days to submit the required prisoner's account statement or pay the filing fee. However, upon review, the Complaint lacks an arguable basis in law and fact. Therefore, the Complaint should be dismissed for failure to state a claim upon which relief could be granted. Further, because the issues raised previously have been ruled upon, there is an additional basis for dismissal of the present action as it "merely repeats pending or previously litigated claims."[7]

The Court takes judicial notice[8] of Plaintiff's underlying criminal conviction in *United States v. Haapaniemi*, Case No. 3:19-cr-00078-RRB-MMS-1, and his numerous unsuccessful collateral attacks on his conviction.[9] In this case, Plaintiff explains this "immigration complaint" is in response to the Court's order at Docket 228 in *United States v. Haapaniemi*.[10] The Court's order at Docket 228 addressed

---

[5] Docket 3.

[6] *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 198 n.2 (1993).

[7] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). *See also* Fed. R. Evid. 201.

[9] *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted).

[10] Docket 1 at 1.

Case No. 3:23-cv-00278-JMK, *Immigration and Customs Enforcement, et al.*
Order of Dismissal & Notice of Strike
Page 2 of 6
Case 3:23-cv-00278-JMK   Document 4   Filed 01/08/24   Page 2 of 6

Plaintiff's "voluminous immigration-related requests" for the Court to "amend its criminal judgment, adjudicate [Plaintiff] as deportable alien, and facilitate expedited removal."[11] The Court denied Plaintiff's request due to lack of jurisdiction, denied counsel, and informed Plaintiff the Court would "not entertain any future motions, writings, filings, proposals, or correspondence on this issue."[12] A similar request was also denied by the U.S. District Court for the District of Arizona in *Haapaniemi v. U.S. Citizenship and Immigration Services.*[13]

Nevertheless, Plaintiff filed this new action claiming a variety of different citizenships[14] and seeking to be deported from the United States. Plaintiff again seems to be attempting to evade his continued imprisonment by seeking to be relocated to another country. Plaintiff's arguments otherwise are inapposite, and the Court declines to engage in further analysis. Federal courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious.[15] No other facts or defendants could be substituted to state a plausible claim for relief. Therefore, this action must be dismissed with prejudice. When a federal district court dismisses a prisoner's action at screening, a prisoner

---

[11] Docket 1-2; *United States v. Haapaniemi*, Case No. 3:19-cr-00078-RRB-MMS-1, Docket 228.

[12] *United States v. Haapaniemi*, Case No. 3:19-cr-00078-RRB-MMS-1, Docket 228.

[13] Case No. 2:22-cv-811-MTL-CBD (D. Az.).

[14] Plaintiff claims he is, or at some point has been, a citizen of Ireland, Norway, and the British Virgin Islands.

[15] *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

Case No. 3:23-cv-00278-JMK, *Immigration and Customs Enforcement, et al.*
Order of Dismissal & Notice of Strike
Page 3 of 6
Case 3:23-cv-00278-JMK   Document 4   Filed 01/08/24   Page 3 of 6

plaintiff must be given a strike.[16] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[17]

While a court may act with leniency towards a self-represented litigant for procedural violations, all litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[18] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[19] Under Rule 11, when a party, even one who is self-represented, presents a pleading to the court they must certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[20] Under Local Civil Rule 11.2, the Court is well within its power to impose sanctions for rules violations, including

---

[16] 28 U.S.C. § 1915(g) (self-represented prisoners must receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted.").

[17] *Id. See also Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception).

[18] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[19] *In re McDonald,* 489 U.S. 180, 184 (1989) *(per curiam).*

[20] Fed. R. Civ. P. 11(b)(2)–(3).

Case No. 3:23-cv-00278-JMK, *Immigration and Customs Enforcement, et al.*
Order of Dismissal & Notice of Strike
Page 4 of 6
Case 3:23-cv-00278-JMK   Document 4   Filed 01/08/24   Page 4 of 6

fines, costs, and attorney's fees awards. Beyond these rules-based options, a federal district court possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[21] This includes fashioning sanctions for conduct that abuses the judicial process or is in bad faith.[22]

The Court cautions Plaintiff against filing any future claims for which he lacks a sufficient legal or factual basis. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[23]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice as frivolous.**

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).[24]

4. After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[25]

5. The Clerk of Court shall issue a final judgment.

---

[21] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[22] *Id*.

[23] *De Long,* 912 F.2d at 1148.

[24] 28 U.S.C. § 1915(g) requires that self-represented prisoners receive a "strike" if the case is dismissed "as frivolous or malicious or for failure to state a claim upon which relief may be granted."

[25] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

Case No. 3:23-cv-00278-JMK, *Immigration and Customs Enforcement, et al.*
Order of Dismissal & Notice of Strike
Page 5 of 6

Case 3:23-cv-00278-JMK   Document 4   Filed 01/08/24   Page 5 of 6

6. The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the order and because there is no arguable factual or legal basis for an appeal.

DATED this 8th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00278-JMK, *Immigration and Customs Enforcement, et al.*
Order of Dismissal & Notice of Strike
Page 6 of 6

Case 3:23-cv-00278-JMK   Document 4   Filed 01/08/24   Page 6 of 6