# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

BJORN E. HAAPANIEMI,

Plaintiff,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT and U.S.
ATTORNEY JONAS M. WALKER,

Defendants.

Case No. 3:23-cv-00278-SLG

## ORDER DENYING POST-JUDGMENT MOTION

Pending before the Court in this closed case is a "Motion to Cancel Strike Given by Disgraced Judge" filed by self-represented prisoner Bjorn Erik Haapaniemi ("Plaintiff").[1] On May 29, 2026, the Notice of Electronic Filing ("NEF") mailed to Plaintiff confirming receipt of Plaintiff's motion was returned to the Court as undeliverable.[2] Although Plaintiff did not file a Notice of Change of Address in this case, the return address on the envelope containing his filings and the BOP Locator indicate that Plaintiff is currently imprisoned at FCI Lompoc II.[3]

When an order of the Court or other mail is returned to the Court as undeliverable at the address of record, the Court may dismiss the case without

---

[1] Docket 6.

[2] Docket 8.

[3] *See also USA v. Haapaniemi,* Case No. 3:19-cr-00078-RRB-MMS, Docket 260 (directing the Clerk of Court to resend copies to Mr. Haapaniemi at FCI Lompoc).

further notice to the plaintiff unless the plaintiff files a notice of change of address within 14 days of the service date of the order.[4] A change of address notification submitted in any other case or appeal is insufficient. However, having reviewed the filings in this case, the Court now rules on Plaintiff's pending motion.

On January 8, 2024, former U.S. District Judge Joshua Kindred entered a final judgment dismissing this action as frivolous and imposing a strike under 28 U.S.C. § 1915(g).[5] The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[6] Plaintiff did not timely appeal from the adverse final judgment. Instead, Plaintiff seeks relief from final judgment and issuance of a strike due to what he alleges are "extraordinary circumstances" involving judicial misconduct by former Judge Kindred.[7]

28 U.S.C. § 455(a) ("Section 455(a)") provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any

---

[4] *See* Alaska Local Civil Rule 11.1(b)(3) (authorizing dismissal of a case when Court orders or other mail sent to a self-represented plaintiff at the address of record are returned to the Court as undeliverable). *See also* Alaska Local Civil Rule 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[5] Docket 4. *See also* Docket 5 (Final Judgment).

[6] 28 U.S.C. § 1915(g).

[7] Docket 6.

Case No. 3:23-cv-00278-SLG, *Haapaniemi v. Immigration and Customs Enforcement, et al.*
Order Denying Post-Judgment Motion
Page 2 of 5

proceeding in which his [or her] impartiality might reasonably be questioned."[8] Relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure is available for § 455(a) violations in "extraordinary circumstances."[9] Relief under Rule 60(b)(6) is "neither categorically available nor categorically unavailable" for Section 455(a) violations.[10] Whether a judgment should be vacated for a violation of Section 455(a) requires consideration of: (1) the risk of injustice to the parties in the particular case; (2) the risk that denial of relief will produce injustice in other cases; and (3) the risk of undermining the public's confidence in the judicial process.[11]

Former Judge Kindred resigned on July 5, 2024, and the Ninth Circuit Judicial Council released a judicial misconduct order to the public on July 8, 2024.[12] Upon review, the Court concludes that former Judge Kindred was not required to recuse himself under Section 455(a), as his misconduct was unrelated to the outcome of this case. Moreover, vacating the judgment and the strike under Rule 60(b)(6) would not be a proper remedy even if Section 455(a) mandated the disqualification of Judge Kindred. For even if the case were reopened and reviewed by the undersigned judge, this case would still have been dismissed by

---

[8] 28 U.S.C. § 455(a).

[9] *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 862–64 (1988).

[10] *Id.* at 863.

[11] *Id.*

[12] *See* Judicial Council of the Ninth Circuit Order No. 22-90121, Docket 102-1 at 2.

Case No. 3:23-cv-00278-SLG, *Haapaniemi v. Immigration and Customs Enforcement, et al.*
Order Denying Post-Judgment Motion
Page 3 of 5

as frivolous or for failure to state a claim; accordingly, the prior strike determination remains appropriate.

The Court takes judicial notice of the various attempts Plaintiff has pursued seeking to collaterally attack his criminal proceedings.[13] Plaintiff has filed numerous civil cases, as well as motions in his closed civil cases and in his closed federal criminal case.[14] The number, redundancy, and scope of the submissions impose unnecessary burdens on the Court, especially where Plaintiff has been repeatedly informed of the limitations applicable to his filings and the need to present any requests through the proper procedural channels.

For these reasons, relief from judgment under Rule 60(b)(6) is not available, and Plaintiff's motion at Docket 6 must be denied.

IT IS THEREFORE ORDERED:

1.      Plaintiff's motion at **Docket 6 is DENIED.**

---

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[14] *See, e.g., USA v. Haapaniemi,* Case No. 3:19-cr-00078-RRB-MMS, Docket 258 (noting that the Court has rejected over seventy of Mr. Haapaniemi's attempted filings for noncompliance, many of which contained profanity). *See also* Case Nos. 3:23-cv-00278-JMK, 3:23-cv00068-JMK, 3:23-cv-00016-SLG, 3:22-cv-00232-SLG, 3:22-cv00143-SLG, 3:22-cv-00127-RRB, 3:22-cv-00006-RRB, 3:21-cv-00267-RRB, and 3:21-cv-00243-SLG.

Case No. 3:23-cv-00278-SLG, *Haapaniemi v. Immigration and Customs Enforcement, et al.*
Order Denying Post-Judgment Motion
Page 4 of 5

Case 3:23-cv-00278-SLG      Document 9      Filed 06/29/26      Page 4 of 5

2.  The Clerk is directed to change the address of record in CM/ECF to:

Bjorn Haapaniemi
Inmate # 22106-508
FCI Lompoc II,
3901 Klein Blvd, Lompoc, CA 93436

3.  No further filings shall be accepted in this closed case.

DATED this 29th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00278-SLG, *Haapaniemi v. Immigration and Customs Enforcement, et al.*
Order Denying Post-Judgment Motion
Page 5 of 5

Case 3:23-cv-00278-SLG     Document 9     Filed 06/29/26     Page 5 of 5